UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:06-CR-72(7) |
| | ) |
| ANTONIO KING | ) |

MEMORANDUM OPINION

This criminal matter is before the Court to address the defendant's March 25, 2019 Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act. [Doc. 355]. The government responded, [Doc. 358], deferring to the Court's discretion whether and to what extent to grant any such reduction. The matter is now ripe for review.

I. BACKGROUND

In October 2007, the defendant pled guilty to Count Two of the superseding indictment charging a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 846, conspiracy to distribute, and possession with the intent to distribute, 50 grams or more of cocaine base (crack). [*See* Docs. 188, 295]. At the April 14, 2008 sentencing, the Court found that the offense involved 182.7 grams of crack cocaine. [Presentence Investigation Report (PSR) ¶ 10]. Because the defendant had two prior federal drug convictions, he faced an enhanced statutory penalty of a mandatory minimum sentence of life imprisonment. [PSR ¶¶ 14, 26; Doc. 140].

After a three-level reduction for acceptance of responsibility, the defendant's total offense level was 34 and his criminal history category was VI. [PSR ¶ 28]. This yielded an advisory sentencing guideline range of 262 to 360 months' imprisonment, but restricted by the enhanced mandatory minimum of life imprisonment. [*Id.* at ¶¶ 41-42; 53-54]; *See* U.S.S.G. 4B1.1(b).

The government moved for downward departure based on defendant's substantial assistance, [Doc. 295], the Court granted the government's motion and imposed 292 months' imprisonment and a ten-year term

1

of supervised release following his release. [Doc. 295]. According to the parties, defendant has now served roughly 145 months in custody on his sentence.

## II. ANALYSIS

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams." Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage. Accordingly, the defendant could not obtain relief under the Fair Sentencing Act.

On December 21, 2018, the President signed the First Step Act of 2018, Pub. L. 115-391, into law. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

The defendant is eligible for relief under the First Step Act because he was convicted of a "covered offense" under Section 404(a)'s definition. His offense was committed before August 3, 2010; he was subject to the enhanced statutory penalties under § 841(b)(1)(B); and those statutory penalties were "modified by Section 2 . . . of the Fair Sentencing Act." Because the defendant is eligible for relief, this Court has the discretion under 404(b) to "to impose a reduced sentence" in accordance with § 841(b)(1)(C)'s statutory penalties, which provide no mandatory minimum term of incarceration and a thirty-year maximum term.

Applying the Sentencing Guidelines as they existed at the time of the Defendant's sentencing, but modifying any calculation of the offense level as though Section 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the defendant committed the offense, defendant's total offense level would remain

at 37 minus three levels for acceptance of responsibility. *See* U.S.S.G. 4B1.1(b). However, based thereon, defendant's guideline range remains from 262 to 360 months, calculated as life imprisonment but without the mandatory minimum life sentence as approximated as 360 months. *See* U.S.S.G. § 5A (sentencing table for an offense level 34 and criminal history category of VI). This Court previously sentenced the defendant to 292 months, at the lower end of his guidelines range. To this date, the Court has been advised that defendant has served 145 months of imprisonment and has a projected release date of September 17, 2028.

The defendant's sentence has not been previously reduced by the operation of Sections 2 or 3 of the Fair Sentencing Act of 2010, and no previous motion has been made by the defendant pursuant to Section 404 of the First Step Act of 2018. *See* [Doc. 327].

For all these reasons, the Court concludes that the defendant is eligible for relief in the form of a reduced sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B) (permitting the court to modify a sentence "to the extent otherwise expressly permitted by statute").

Next, the Court must determine, in its discretion, whether the defendant is deserving of such a reduction. Defendant argues a sentence of 213 months is appropriate, as it reflects an 18.89 percent reduction of his new guideline range of 262 to 327 months. [Doc. 355]. Defendant maintains an 18.89 percent reduction is appropriate as he previously received an 18.89 percent reduction of his life sentence assessed as 360 months. [*Id.*].

The United States points out the defendant's conduct while in the Bureau of Prisons. Defendant appears to have incurred six disciplinary sanctions while serving his sentence in the Bureau of Prisons, including two sanctions for drug possession, two sanctions for failing to follow safety regulations, a sanction for fighting, and for disrupting phone monitoring. Defendant's most recent sanction of drug possession occurred November 14, 2018 for possession of suboxone, an infraction that defendant was previously sanctioned for on August 28, 2018. The disciplinary violations reflect defendant's history and characteristics; violations such as possession of narcotics and refusal to obey orders do show disrespect for the law, and weigh heavily against a reduction of

defendant's term of imprisonment. Nevertheless, no other facts are present before the Court that would indicate that the defendant should be denied the benefit of Section 404(b).

One final matter is the defendant's request to reduce his term of supervised release. Originally the statute required a minimum term of supervised release for at least ten years for his conviction on Count Two.[1] Now, the application of the Fair Sentencing Act requires a term of supervised release of at least eight years as to Count Two, given the defendant's prior felony drug conviction. The Court sees no reason in the present case why application of the Fair Sentencing Act would justify a reduction in the defendant's term of imprisonment but not a reduction in his term of supervised release. Accordingly, the Court finds that the defendant's request to reduce his term of supervised release in accordance with the now applicable Fair Sentencing Act's statutory language is appropriate as well.

### III. CONCLUSION

It is hereby **ORDERED** that the motion to reduce sentence pursuant to Section 404 of the First Step Act, [Doc. 358], is **GRANTED**. Based on the record, including the defendant's disciplinary record with the BOP, the Court, in its discretion reduces the defendant's sentence to a term of 213 months. The defendant's term of supervised release shall also be reduced to a term of eight years, for a net effective term of supervised release of eight years. All other terms and conditions of the defendant's judgment [Doc. 295], shall remain in full force and effect.

The Clerk of the Court is further DIRECTED to provide copies of this Order to the defendant, counsel for the defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the United States Bureau of Prisons.

So ordered.

ENTER:

---

[1] *See* 21 U.S.C. § 841(b)(1)(B) (2008), *amended* by Fair Sentencing Act (requiring a term of supervised release "of at least 8 years" if the defendant had a prior felony drug offense conviction).

s/J. RONNIE GREER
                                                        UNITED STATES DISTRICT JUDGE